UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALTER D. GRANT, JR,

        Movant,

                                    File No. 1:10-CV-70

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **O P I N I O N**

This matter is before the Court on Movant Walter D. Grant Jr.'s motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, the motion will be dismissed as untimely.

### **I.**

On March 2, 2007, Movant pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344(1). (1:06-CR-260, Dkt. No. 36, Plea Tr.) Movant was sentenced on June 6, 2007, to 96 months of imprisonment and restitution of $409,783.52. (1:06-CR-260, Dkt. No. 53, Sent. Tr.) Movant's judgment was entered on June 8, 2007. (1:06-CR-260, Dkt. No. 43, J.) Movant did not appeal his conviction or sentence. Movant filed a § 2255 motion on January 25, 2010, and an amended motion on October 12, 2010, claiming ineffective assistance of counsel and Court error in determining the loss realized by Countrywide Mortgage Company ("Countrywide"). (Dkt. No. 1, Mot.; Dkt. No. 8, Am. Mot.). Movant claims

that the loss figure used to calculate his sentencing guidelines was incorrect because the real property covered by the Countrywide mortgage, i.e., the property at 736 Crystal Lake Road, in Whitehall, Michigan (the "Property"), was sold prior to sentencing. (Am. Mot. 4.) Movant claims that he informed counsel of his belief that the Property had been sold, but counsel failed to investigate and failed to object to the loss attributed to Countrywide at sentencing. (Am. Mot. 4). According to Movant, the loss figure should have been $256,976.07 rather than $409,783.52, his offense level should have been 20 rather than 22, and, given his criminal history category of VI, his guideline range should have been 70-87 months, rather than 85-105 months.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a

2

violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice"; or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## III.

The government contends that Movant's § 2255 petition is subject to dismissal because it was not filed within the one-year limitations period that applies to all § 2255 motions.[1]  Specifically, the government notes that Movant did not file his § 2255 motion within one year of the date on which Movant's conviction became final.  *See* 28 U.S.C. § 2255(f)(1).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final.  Because Movant did not appeal his conviction or sentence, his conviction became final on June 18, 2007, ten days after the judgment was entered. *See* Fed. R. App. P. 4(b)(1)(A) (setting a 10-day appeal period in criminal cases)

---

[1]Section 2255 provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

(amended in 2009 to provide for a 14-day appeal period).  Movant did not file his § 2255

motion until January 25, 2010, more than two years after his judgment had become final.

Accordingly, if the statute of limitations is measured from the date his conviction became

final, Movant's petition was not timely filed.

Movant contends, however, that the one-year limitations period should not be

measured from the date his conviction became final, but from the date on which the facts

supporting the claim could have been discovered through the exercise of due diligence.  *See*

28 U.S.C. § 2255(f)(4).  Movant contends that his § 2255 motion is timely because it was

filed within one year of January 23, 2009, the date on which Petitioner was first notified by

Countrywide's attorneys that the Property had been sold on February 9, 2007, for

$203,182.55.  (Am. Mot. 2-3.)

Under § 2255(f)(4), the one-year limitation period begins to run on the date upon

which the facts supporting the claim presented could have been discovered through the

exercise of due diligence, not necessarily when they actually were discovered.  *See Aron v.*

*United States*, 291 F.3d 708, 711 (11th Cir. 2002); *Owens v. Boyd*, 235 F.3d 356, 359 (7th

Cir. 2000).  Section 2255(4) "does not require the maximum feasible diligence, but only

'due,' or reasonable, diligence."  *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006) (citing

*Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004)); *see also  Moore v. Knight*, 368 F.3d

936, 940 (7th Cir. 2004) (same); *Aron*, 291 F.3d at 712 (same); *Wims v. United States*, 225

F.3d 186, 190 n.4 (2d Cir. 2000) (same).

The government opposes Movant's reliance on § 2255(4). The government contends that Movant, as the mortgagor of the property underlying the fraud in this case, would have received actual notice of the sale of the Property . *See* Mich. Comp. Laws § 600.3101 et seq.; John G. Cameron, Jr., *Michigan Real Property Law*, § 18.78 (3d ed. 2005).

Movant responds that contrary to the government's assertions, he did not receive actual notice of the mortgage foreclosure sale because he was not the mortgagor of the Property. The mortgagor, as evidenced by the notice of foreclosure sale, was Sherry L. Grant. (Dkt. No. 1, Ex. C.) Movant asserts that he went through "an ugly divorce", and that he therefore "has no knowledge if Sherry L. Grant actually received notice." (Dkt. No. 22, Reply Br. 3.) Movant also asserts that he wrote multiple letters to Countrywide from September 2007 to December 2008, asking whether the Property had been sold, and that he received no response to his inquiries. (Dkt. No. 22, Reply Br., Ex. 2, Letters to Countrywide.)

Movant's contention that he could not have discovered the facts supporting his § 2255 motion, i.e., the sale of the Property, through the exercise of reasonable diligence prior to January 2009 is inherently incredible and cannot be accepted as true. Movant has declared under penalty of perjury that on June 6, 2007, the day he was sentenced, he informed his attorney that it was his belief that the Property had been sold. (Dkt. No. 9, Ex. 4, Movant's Decl. ¶ 4.) At sentencing, Movant acknowledged that he had reviewed the Presentence Investigation Report, and that it adequately reflected his facts and circumstances. (1:06-CR-

260, Dkt. No. 40, Sent. Mem. 1; Sent. Tr. 3-4.)  It was reasonable that Movant would have

some knowledge of the status of the Property since, as noted in the Presentence Investigation

Report, he owned the Property and resided there with his wife, Sherry Grant, until his arrest

in October 2006.  (PIR ¶¶ 20, 22, 80.)  As of February 2007, when the Property was sold,

Movant was still married to Sherry Grant and the Property was still Movant's legal address.

(PIR 2.)  In March 2007, Movant agreed to plead guilty in exchange for, among other things,

the government's promise to dismiss the charges against Movant's wife, Sherry Grant.

(1:06-CR-260, Dkt. No. 29, Plea Agrm't ¶ 10 and Dkt. No. 30, Mot. to Dismiss.)  The

Presentence Investigation Report indicated that Sherry Grant had vacated the Property prior

to a home visit.  (PIR ¶ 81.)   The Presentence Investigation Report also indicated that the

offense level and the amount of restitution were based, in part, on the loss represented by the

Countrywide mortgage and home equity loan.  (PIR ¶¶ 27, 31, 36, 106.)

Because Movant believed that his Property had been sold before sentencing, and

because, upon reviewing the Presentence Investigation Report, he knew that the sale of his

Property would impact the calculation of his offense level as well as the amount of his

restitution, Movant was on notice in June 2007 of the importance of determining the

disposition of the Property.  Movant did not need to wait for a response from Countrywide

to learn whether his Property had been sold.  He could have obtained confirmation of the sale

from his wife, Sherry Grant, or from the Muskegon County Register of Deeds.  Accordingly,

even if the Court were to agree that the limitations period should be measured from the date

on which Movant could have discovered through the exercise of due diligence that the

Property had been sold, the Court is satisfied that that date occurred long before January 24,

2009, and probably as early as the date of sentencing. There is no question that through

reasonable diligence, Movant could have ascertained more than a year before he filed his

§ 2255 motion that the Property had been sold. Accordingly, the Court concludes that

Movant's January 25, 2010, filing of his § 2255 motion is untimely.

To the extent Movant's claim that counsel was ineffective for failing to investigate

the disposition of the Property after Movant expressly instructed him to do so is construed

as a claim for equitable tolling, the claim lacks merit. *See Benitez v. United States*, 521 F.3d

625, 630 (6th Cir. 2008) (noting that the § 2255 one-year statute of limitations is subject to

equitable tolling). In determining whether equitable tolling is appropriate, the Court

considers the following factors: "(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence

in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's

reasonableness in remaining ignorant of the legal requirement for filing his claim." *Solomon*

*v. United States*, 467 F.3d 928, 933 (6th Cir. 2006) (citing *Dunlap v. United States*, 250 F.3d

1001, 1008 (6th Cir. 2001)). These factors are not necessarily comprehensive, nor is each

factor relevant in every case. *Id*. Where, as here, Movant is not claiming ignorance of the

filing requirements, the focus of the equitable tolling inquiry is on Movant's diligence. *See*

*King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Other than his claim that he requested information from Countrywide, Movant's only additional claim regarding his diligence is that he directed counsel at the time of his sentencing to investigate the disposition of his Property, and counsel rendered ineffective assistance by failing to do so. Even if counsel's alleged failure to investigate the sale of the Property before sentencing, or to object to the guidelines calculation at sentencing could be construed as ineffective assistance of counsel, Movant has not shown how this failure on the part of counsel prevented Movant from timely filing his § 2255 motion. *See Holland v. Florida* , 130 S. Ct. 2549, 2562 (2010) (rejecting a claim that counsel's conduct was so egregious as to warrant equitable tolling: "Lack of communication from an attorney, or failure to file a motion on time cannot be considered an 'extraordinary circumstance' that prevented Movant from timely filing his § 2255 motion."). Accordingly, Movant is not entitled to equitable tolling.

For the reasons stated, Movant's § 2255 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be dismissed as untimely.

**IV.**

Movant has requested appointment of counsel and an evidentiary hearing. (Dkt. Nos. 6, 7.) The Court has determined on this record, however, that Movant's § 2255 motion is inarguably untimely. Because the files and records in this case conclusively show that Movant is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the merits of the pending motion. *See Blanton*, 94 F.3d at 235 ("[E]videntiary hearings are not

required when, as here, the record conclusively shows that petitioner is entitled to no relief.").  In the absence of a hearing, appointment of counsel in a habeas proceeding rests in the Court's discretionary assessment of whether the interests of justice require such appointment.  *See* 18 U.S.C. § 3006A(a)(2)(B); Rules Governing Section 2255 Proceedings, Rule 8(c).  Because this case resolves on a simple limitation issue, and because Movant has been able to adequately articulate his position, the Court finds no basis to appoint counsel.

## V.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant.  To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  For the reasons outlined in Section III above, the Court does not believe that reasonable jurists would find the Court's assessment of Movant's claims to be debatable or wrong.  Accordingly, a certificate of appealability will be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: <u>April 19, 2011</u>                                      /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE